Filed 6/25/21  P. v. Morelos CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ANGEL MORELOS,<br><br>        Defendant and Appellant. | F080898<br><br>(Fresno Super. Ct. No. F17904961)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Heather M. Jones, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P.J., Levy, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Angel Morelos pleaded guilty to first degree murder and was sentenced to 50 years to life. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

On August 5, 2017, defendant and two minor accomplices entered a jewelry store as it was about to close and asked to see some jewelry. One of the store's owners, Ms. Gamez, showed them the requested items. The three males grabbed the jewelry and ran out of the door. Ms. Gamez screamed and her husband, Ismael P., chased the suspects. He tackled defendant to the ground, and defendant dropped some of the jewelry. Ms. Gamez's 22-year-old son, Christopher Leon, caught up with Ismael and cautioned him not to beat up defendant. Ismael agreed and chased the other suspects while Mr. Leon detained defendant.

Defendant pulled a handgun from his pants and fatally shot Mr. Leon twice in the face. A car arrived to pick up defendant, he got in, and the group escaped. A witness obtained the car's license plate number.

Defendant was later identified from the store's surveillance videos as one of the suspects who committed the robbery, and the person who shot and killed Mr. Leon. The surveillance video, fingerprints found at the store, and additional investigation resulted in the identification of three juveniles as his accomplices.

Defendant was arrested, advised of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, and agreed to answer questions. He initially denied any involvement in the crime, but subsequently admitted that he entered the store to steal

---

[1] The following facts are from the police reports, which the parties stipulated to as the factual basis for the plea, as summarized in the probation report.

jewelry, and that he shot Mr. Leon while struggling with him. Defendant claimed he did not intend to kill the victim.

## PROCEDURAL BACKGROUND

On August 25, 2017, a felony complaint was filed in the Superior Court of Fresno County that charged defendant with count 1, first degree murder of Mr. Leon (Pen. Code, § 187, subd. (a)),[2] with the special allegation that he personally and intentionally discharged a firearm that caused death (§ 12022.53, subd. (d)).

On March 7, 2019, defendant pleaded guilty to first degree murder and admitted the firearm enhancement, with the understanding that he faced a maximum prison sentence of 50 years to life. The parties stipulated to the police reports as the factual basis for the plea.

On May 20, 2019, defendant filed a motion for the court to dismiss the firearm enhancement pursuant to section 12022.53, subdivision (h). Defendant acknowledged the seriousness of his crime but argued the court should exercise its discretion because he was 18 years old, unemployed, and had no hope at the time of the offense.

On November 14, 2019, defendant filed a motion to request a youthful offender parole hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261. On November 21, 2019, the court granted defendant's motion for a *Franklin* hearing and scheduled the matter.

**Sentencing**

On February 11, 2020, the court held the sentencing hearing and denied defendant's motion to dismiss the firearm enhancement. The court cited the facts of the case, defendant's decision to arm himself before he committed the robbery, the length of time the incident lasted, that defendant was not taken by surprise, and he had time to decide whether to use his gun before he shot Mr. Leon.

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

The court imposed an aggregate term of 50 years to life, based on 25 years to life for count 1, with a consecutive term of 25 years to life for the firearm enhancement.

The court stated it was going to impose a restitution fine of $10,000, but instead reduced the amount to $300 (§ 1202.4, subd. (b)) and suspended the $300 parole revocation fine (§ 1202.45).  It also imposed a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

The court ordered direct victim restitution of $7,500 to the Victim Compensation Board, and $31,189 to Ms. Gamez (§ 1202.4, subd. (f)).  The court further ordered, consistent with the parties' stipulation, that defendant was jointly and severally liable for the direct victim restitution orders with the four minor accomplices who were separately charged in juvenile court – A.S., C.G., A.G., and A.Z.

On February 27, 2020, the court conducted the *Franklin* hearing for defendant to present evidence relevant to a future youth offender parole hearing.

On March 3, 2020, the abstract of judgment was filed but it did not state that defendant was jointly and severally liable for victim restitution orders with the four minors.

On March 4, 2020, defendant filed a timely notice of appeal.

**Postjudgment motion**

On June 18 and October 12, 2020, appellate counsel sent letters to the trial court pursuant to section 1237.2 and requested correction of the abstract of judgment to reflect the order that defendant was jointly and severally liable with the four minors for the victim restitution amounts.

On June 17, 2021, the trial court issued an amended abstract of judgment stating that as to the victim restitution orders of $7,500 to the Victim Compensation Board, and $31,189 to Ms. Gamez (§ 1202.4, subd. (f)), defendant was "jointly and severally liable with minor codefendants A.S., C.G., A.G., and A.Z."

4.

**DISCUSSION**

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on November 16, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

**DISPOSITION**

The judgment is affirmed.